PER CURIAM.
We here review an order of the Circuit Court of Broward County adjudging Elmer O. Roberts, a member of the Bar of Florida, in contempt of court and sentencing him to 20 days in the county jail. The contempt order was imposed because of dishonest conduct in a divorce proceeding before the court.
We have reviewed the record in this cause and find no error in the action taken by the trial court. The order appealed from is thereupon affirmed.
Under the inherent power vested in this court and because of the disclosures of the record before us, we are impelled to direct the trial court’s attention to Section 454.24, Florida Statutes, 1957, F.S.A., which provides that when conduct of the type disclosed by the record in this cause is made known to any judge of a Circuit Court in this State, he shall direct the state attorney for the Circuit to make in writing a motion, in the name of the state, to disbar such attorney. This statute has been continued in effect, by the integration rules adopted by the Supreme Court. See Article XI *301 (6) Integration Rule, The Florida Bar, page 3208, Florida Statutes 1957, 31 F.S.A. Under such statute, the Circuit Courts are vested with concurrent jurisdiction with the appropriate officials of the Florida Bar in disciplinary matters.
This affirmance of the judgment in contempt shall not be deemed to preclude appropriate action under the aforesaid rules and statute by the authorized officials of the Florida Bar or by the Circuit Court. It is the view of this court that prompt action should be taken by the Circuit Court unless disciplinary proceedings have already been taken by the Florida Bar, or by said court.
The clerk of this court is directed to issue the mandate of this court" at the expiration of 5 days from the date of this order unless the said appellant shall file a petition for re-hearing, in which event the issuance of said mandate shall be withheld pending the disposition of said petition.
KANNER, C. J., ALLEN, J., and DREW, E. HARRIS, Associate Judge, concur.